**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**JOLYNN BROWN WALKER**                                                   **PLAINTIFF**

vs.                                                            **CIVIL ACTION NO. 4:18CV101-RP**

**NANCY BERRYHILL,
COMMISSIONER OF SOCIAL SECURITY**                             **DEFENDANT**

## **JUDGMENT**

This cause is before the Court on the Plaintiff's complaint pursuant to 42 U.S.C. § 405(g) for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding an application for supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The Court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law, finds as follows:

The Commissioner's decision is not supported by substantial evidence and is contrary to law. The ALJ erroneously concluded that plaintiff's past work as a cleaner at a hunting camp constitutes past relevant work. Plaintiff's earnings from that work -- averaging less than $900 per month -- were insufficient to qualify it as "substantial gainful employment" as is required for a finding of "past relevant work." 20 C.F.R. § 416.960(b)(1). Further, this case does not present any circumstances under which information in addition to earnings will be considered. 20 C.F.R. § 416.974(b)(3)(ii). As such, plaintiff's past work as a cleaner at a hunting camp does not constitute past relevant work, and the ALJ's finding at step four that plaintiff could perform

1

her past relevant work was error. In the absence of this erroneous finding, and given plaintiff's RFC, age, education, and previous work experience, the application of Medical Vocational Guideline ("GRID") Rule 202.04 results in a conclusion that plaintiff is disabled. The evidence in the record being conclusive on this issue, a remand for further consideration of the disability issue is unnecessary, and the court will render an award of supplemental security income benefits. This case is remanded for the sole purpose of determining the amount of benefits to be awarded.

Plaintiff having been allowed to proceed without the prepayment of costs, the Clerk's filing fee and the U.S. Marshal Service's fee for service of process are assessed as costs against plaintiff.

SO ORDERED, this, the 6th day of February, 2019.

    /s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE